IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

CARLA OAKLEY,

    Plaintiff,

v.                              CIVIL ACTION NO. 1:21-00021

COAST PROFESSIONAL, INC.,
PERFORMANT FINANCIAL CORP.,
and PERFORMANT RECOVERY, INC.

    Defendants.

**MEMORANDUM OPINION AND ORDER**

    Pending before the court is defendants' motion for a stay of discovery pending resolution of their dispositive motions. (ECF No. 45.)  For the reasons that follow, the motion is **GRANTED**.

**I.   Background**

    This is a putative class action alleging deceptive debt collection practices by defendants in violation of West Virginia law.  Plaintiff says that defendants sent her collection letters that misrepresented the amount and status of a debt.  Defendants have filed three motions to dismiss on various grounds, including preemption and lack of personal jurisdiction.

**II. Legal Standard**

    "Courts are vested with broad discretion to manage the conduct of discovery, with the ultimate goal of ensuring the

just, speedy, and inexpensive determination of every action and proceeding." Sai v. Dep't of Homeland Sec., 99 F. Supp. 3d 50, 58 (D.D.C. 2015).  Through Federal Rule of Civil Procedure 26, this broad discretion includes the authority to stay discovery pending resolution of a dispositive motion.  See Blankenship v. Napolitano, 2019 WL 6173530, at *2 (S.D.W. Va. Nov. 19, 2019) (citing Thigpen v. United States, 800 F.2d 393, 396 (4th Cir. 1986)); Sheehan v. United States, 2012 WL 1142709, at *1 (N.D.W. Va. Apr. 4, 2012).  "Absent an abuse of discretion, the United States Court of Appeals for the Fourth Circuit will uphold a decision to issue a protective order or to otherwise limit the timing or scope of discovery." Sheehan, 2012 WL 1142709, at *1. The context of each case bears upon whether to grant a stay of discovery.  Bragg v. United States, 2010 WL 3835080, at *1 (S.D.W. Va. Sept. 29, 2010) (noting that a "case-by-case analysis is required"); Sai, 99 F. Supp. 3d at 58 ("No categorical rule is appropriate; rather each case should be considered based on its unique facts and context.").

Courts seek to avoid two overarching vices in ruling upon motions to stay discovery pending the resolution of a dispositive motion.  One is the vice of wasted resources by all concerned (should the dispositive motion ultimately be granted). See Branch Banking & Tr. Co. v. ServisFirst Bank, 2019 WL 5688180, at *2 (S.D.W. Va. Nov. 1, 2019).  The other is the vice

2

of unnecessary delay (should the dispositive motion be denied).

Kron Med. Corp. v. Groth, 119 F.R.D. 636, 637-38 (M.D.N.C.

1988).  Courts "inevitably must balance the harm produced by a

delay in discovery against the possibility that the motion will

be granted and entirely eliminate the need for such discovery."

Simpson v. Specialty Retail Concepts, 121 F.R.D. 261, 263

(M.D.N.C. 1988).  This balancing act echoes the goal of speedy

and inexpensive justice.  See Fed. R. Civ. P. 1 (exhorting

courts and parties to use the Rules to achieve "the just,

speedy, and inexpensive determination of every action and

proceeding.").

Courts have noted that while staying discovery may preserve

resources, more often, it may have the reverse effect:

> Disruption or prolongation of the discovery schedule
> is normally in no one's interest.  A stay of discovery
> duplicates costs because counsel must reacquaint
> themselves with the case once the stay is lifted.
> Matters of importance may be mislaid or avenues
> unexplored.  A case becomes more of a management
> problem to the Court when it leaves the normal trial
> track.  While time may heal some disputes, in others
> it merely permits more opportunity for festering.

Groth, 119 F.R.D. at 638.  Thus, motions to stay discovery are

generally disfavored, and the burden on the moving party is

relatively heavy.  Wymes v. Lustbader, 2012 WL 1819836, at *4

(D. Md. May 16, 2012).

The pendency of a dispositive motion is emphatically not,

by itself, sufficient cause to stay discovery.  See Bluefield

Gas Co. v. Abbs Valley Pipeline, LLC, 2010 WL 11562028, at *2 (S.D.W. Va. Mar. 30, 2010); Pennsylvania v. Navient Corp., 348 F. Supp. 3d 394, 401 (M.D. Pa. 2018); Sheehan v. United States, 2012 WL 1142709, at *2 (N.D.W. Va. Apr. 4, 2012).  Boilerplate, too, is insufficient; the moving party must articulate why "the benefits of a stay outweigh the cost of delay" with specificity. See Wymes, 2012 WL 1819836, at *3.

Along with the foregoing principles, six factors and a catch-all factor, collectively derived from Hatchette Distrib., Inc. v. Hudson Cnty. News Co., Inc., 136 F.R.D. 356, 358 (E.D.N.Y. 1991), guide the court's analysis of this motion:

> (1) the type of [dispositive] motion and whether it is a challenge as a "matter of law" or to the "sufficiency" of the allegations; (2) the nature and complexity of the action; (3) whether counterclaims and/or cross-claims have been interposed; (4) whether some or all of the defendants join in the request for a stay; (5) the posture or stage of the litigation; (6) the expected extent of discovery in light of the number of parties and complexity of the issues in the case; and (7) any other relevant circumstances.

Rowe v. Citibank, 2015 WL 1781559, at *1 (S.D.W. Va. Apr. 17, 2015) (numbers added).  No single factor is dispositive.  Id. These factors are simply a framework to assist the court as it seeks to avoid the vices of unnecessary expense and unnecessary delay without being able to see into the future regarding the pending motions to dismiss.

4

While it is close, the scales tip in favor of a stay here. The motions raise pure legal arguments which will be dispositive if accepted.  It is true that, unlike in Bluefield Gas, defendants' motions to dismiss do not implicate the federal policy favoring arbitration.  See 2010 WL 11562028, at *2. Neither do defendants advance an absolute or qualified immunity defense, which would implicate the interest in avoiding unmerited discovery disruptive to government officials in the performance of their duties.  See Citynet, LLC v. Frontier W. Virginia Inc., 2016 WL 6133844, at *2 (S.D.W. Va. Oct. 19, 2016).  One defendant does, however, argue personal jurisdiction, which challenges this court's judicial power over that entity.  And the preemption argument does implicate the important interest of state law yielding to federal law when appropriate.

In granting a stay in another putative class action, Judge Stamp emphasized the nature of the dispositive motion pending there:

> The issues presented in the government's motion to dismiss—lack of subject matter jurisdiction and sovereign immunity—are purely legal matters.  While this Court agrees that the mere filing of a dispositive motion does not entitle the moving party to a stay of discovery, in balancing the harm produced by a stay of discovery against the possibility that the motion to dismiss will be granted and entirely eliminate the need for such discovery, this Court concludes that the motion to stay discovery and pretrial planning should be granted.

Sheehan, 2012 WL 1142709, at *2.  Plaintiff disputes whether the motions here present purely legal matters.  Without diving into the briefing on those motions, it is hard to tell.  Perhaps plaintiff is correct.  For now, it is sufficient to note that defendants raise some purely legal arguments that would be dispositive.

The second factor, complexity, is disputed.  The case appears to present complex legal issues (that the court will resolve soon), but straightforward facts.  The non-complexity of the facts cuts both ways.  Ordinarily, it counsels against a stay because discovery will not be hard to coordinate.  On the other hand, the absence of a complex web of factual issues to untangle makes discovery less urgent.

The third and fourth factors do not appear to be in dispute and weigh in favor of a stay because there are not counterclaims or crossclaims, and all defendants want a stay.  As to the posture of the case, which is the fifth factor, the case has been pending for close to seven months.  Plaintiff rightly points out that, under the court's current scheduling order, delaying discovery much longer is inadvisable.  The court, however, will enter a new scheduling order if the case is not dismissed.  The sixth factor, extent of discovery, is in defendants' favor.  It appears that the discovery, if not very

complicated in terms of disputed facts, will be burdensome.  It will be entirely unnecessary if the court dismisses the case, and if the court does not, a short delay should not jeopardize the availability of the evidence.  The court notes no special considerations under the seventh, catch-all factor.

## III. Conclusion

For the reasons stated above, defendants' motion to stay discovery (ECF No. 45) is **GRANTED**.  Discovery in this matter is stayed pending resolution of defendants' motions to dismiss. Should the court not dismiss the case, responses and objections to plaintiff's pending discovery requests will be due within 30 days of the court's order.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED** this 10th day of August, 2021.

ENTER:

David A. Faber
Senior United States District Judge